UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JEROME MERRIWEATHER,<br>        Petitioner,<br><br>        v.<br><br>WARDEN AMY BONCHER,<br>        Respondent. | **CIVIL ACTION**<br>**No. 23-11060-IT** |

MEMORANDUM AND ORDER
June 27, 2023

For the reasons set forth below, the court dismisses the Petition for a Writ of Habeas Corpus [Doc. No. 1].

## I.     Background

On May 8, 2023, Jerome Merriweather, now incarcerated at FMC Devens, filed a self-prepared Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1]. Merriweather pleaded guilty to conspiring to distribute heroin, 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846, and three counts of distributing heroin, 21 U.S.C. § 841(a)(1), (b)(1)(C). *See United States v. Merriweather*, No. 15-cr-40046-JPG-006 (S.D. Ill 2017). After having his motion to withdraw his guilty plea denied, he was sentenced on August 1, 2017, to 228 months in prison. *Id*. The Seventh Circuit dismissed his direct appeal, *United States v. Merriweather*, No. 17-2625, 743 F. App'x 31 (7th Cir. 2018) (unpublished). On May 31, 2022, his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 was denied. *Merriweather v. United States*, No. 19-cv-1268-JPG, 2022 WL 1746768 (S.D. Ill 2022).

In the instant 2241 petition, Merriweather states that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge his sentence and that:

> The circuits are split on the issue of a[n] individualize (sic) findings (sic) in a drug conspiracy. The Seventh Circuit has a conspiracy as a whole standard to determine the drug amount for each member of a drug conspiracy. The petitioner was barred by circuit law for raising the issue.

*Id.* at ¶ 10(c). He states that "[t]he court based the petitioner mandatory minimum sentence on judge found facts." *Id.* at ¶ 13(a). For relief, he seeks to have this court "vacate the sentence and remand the matter for resentencing." *Id.* at ¶ 15.

### II. Standard of Review

A federal prisoner may challenge the validity of his term of incarceration and seek post-conviction relief under 28 U.S.C. § 2255(a) if his "sentence was in excess of the maximum authorized by law ... or is otherwise subject to collateral attack." To merit consideration, the petition must be filed in the court in which the petitioner was sentenced. *Id.* The petition is bound by a one-year period of limitation, running from the later of the date on which the judgment of conviction becomes final or the date on which a newly asserted constitutional right, made retroactively applicable to cases on collateral review, was recognized by the Supreme Court.[1] *Id.* § 2255(f). Second or successive § 2255 petitions require leave to file from the appropriate court of appeals. *Id.* § 2255(h).

"[A] federal prisoner who collaterally attacks his sentence ordinarily must proceed by a motion in the sentencing court under § 2255, rather than by a petition for a writ of habeas corpus under § 2241." *Jones v. Hendrix*, No. 21-857, 599 U.S. ___, 2023 WL 4110233, at *3 (June 22, 2023). Section 2255(e) "bars a federal prisoner from proceeding under § 2241 'unless ... the [§ 2255] remedy by motion is inadequate or ineffective to test the legality of his detention.'" *Id.* (citing 28 U.S.C. § 2255(e)). A federal prisoner cannot rely on this savings clause to raise a

---

[1] Section 2255(f) identifies two other dates that can be used for calculating the applicable limitations period, but neither is relevant here.

claim that otherwise would be barred by the restrictions on second or successive §2255 motions because "the straightforward negative inference from § 2255(h) is that a second or successive collateral attack on a federal sentence is not authorized unless one of [the two conditions for bringing a second or successive motion] is satisfied." *Jones,* 2023 WL 4110233, at *7. "The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the savings clause." *Id.* at * 2.

### III.   Discussion

Merriweather cannot use the savings clause of § 2255(e) to file the instant § 2241 petition. Merriweather contends that he may use § 2241 to vacate his conviction because of variation among the circuit courts of appeal when considering drug quantity in the sentencing of coconspirators.[2] However, were a circuit split sufficient grounds to invoke the savings clause, prisoners could bypass the requirements of § 2255 and challenge an otherwise valid conviction anytime they may be moved to a judicial circuit with a different interpretation than the circuit in which they were convicted. This is not the purpose of the savings clause. Accordingly, this Court lacks jurisdiction over the petition.

### IV.   Order

Based upon the foregoing, it is it is hereby ORDERED that:

1.      The <u>Petition for a Writ of Habeas Corpus</u> under 28 U.S.C. § 2241 [Doc. No. 1] is

---

[2] "Most circuits take [an individualized approach by limiting the defendant's liability to the quantity of drugs with which he was directly involved or that was reasonably foreseeable to him], while a few require only that the government prove that the whole conspiracy trafficked in the charged quantity. *United States v. Walker*, No. 17-40207, 750 Fed. Appx. 324, n. 1  (5th Cir. 2018)  (citing *United States v. Stoddard*, 892 F.3d 1203, 1220 (D.C. Cir. 2018) (recognizing circuit split)). For purposes of determining the statutory maximum, the Seventh Circuit does not require defendant-specific findings of drug quantity in drug-conspiracy cases.  *See United States v. Knight*, 342 F.3d 697, 710-12 (7th Cir. 2003) (conforming to conspiracy-wide approach).

DENIED and this action is DISMISSED.

      2.      The Clerk shall enter a separate Order of Dismissal.

**So ordered.**

                                                          /s/ Indira Talwani
                                                          United States District Judge

Dated: June 27, 2023